## Commonwealth v. Jefferies

*Paul A. Mueller*, district attorney, for Commonwealth.
*W. Hensel Brown*, for defendant.

GROFF, P. J., April 19, 1932.—On January 16, 1928, the petitioner, Clarkson B. Jefferies, was found guilty of voluntary manslaughter on Indictment No. 2, January Term, 1928, and, following a conviction, he was sentenced "to undergo an imprisonment by separate and solitary confinement, at labor, in the Lancaster County Prison for and during a period of not less than four and one-half years and not more than nine years, to be fed, clothed and treated as provided by law and stand committed until this sentence is complied with."

The Act of Assembly of February 28, 1905, P. L. 25, Sec. 1, is as follows:

"Whenever any person shall be sentenced to imprisonment at labor, by separate or solitary confinement, for any period not less than one year, the imprisonment and labor shall be had and performed in the State penitentiary for the proper district: Provided, That nothing in this section contained shall prevent such person from being sentenced to imprisonment and labor, by separate or solitary confinement, in the county prisons now or hereafter authorized by law to receive convicts of a like description."

In our opinion, the sentence imposed in this case makes it a state penitentiary offense and, under the act of assembly in such cases, removes from the court below the power to parole, and places it in the hands of the parole board of the state, the parole to follow the recommendation by the board of prison inspectors, and the proceedings should be as prescribed for the parole of prisoners confined in the state penitentiary, and as regulated by the parole board of the state.

We find that Judge Bartlett, in the case of Com. *v.* Kelman, 4 D. & C. 525, took the position we are now taking.

We refuse the parole for the reason that, in our opinion, we have no power to grant the same. Parole refused.

From George Ross Eshleman, Lancaster, Pa.